**FILED**
MAY 2 4 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HAY ADAMS HOTEL, LLC,<br>800 16th Street, NW<br>Washington, DC 20006,<br><br>       Plaintiff,<br><br>   v.<br><br>LOCAL 25, UNITE HERE INTERNATIONAL<br>UNION, AFL-CIO,<br>1003 K Street, NW, 7th Floor<br>Washington, DC 20001 | CASE NUMBER 1:06CV00968<br><br>JUDGE: Emmet G. Sullivan<br><br>DECK TYPE: Labor/ERISA (non-employment)<br><br>DATE STAMP: 05/24/2006 |

## COMPLAINT TO VACATE ARBITRATION AWARD

Plaintiff, Hay Adams Hotel, LLC ( the "Hay Adams"), by and through its undersigned attorneys, and for its complaint alleges as follows:

### NATURE OF ACTION

1.      This is an action arising under Section 301(a) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §185(a) ("LMRA") and pursuant to D.C. Code § 16-4301 *et seq.* (West 2001) ("DC Arbitration Act") that seeks to vacate, set aside, and declare null and void the arbitration opinion and award ("Award") issued by Arbitrator Nicholas H. Zumas on April 13, 2006 in an arbitration between the Hay Adams and Local 25, UNITE HERE International Union, AFL-CIO ("Local 25").

### PARTIES

2.      Plaintiff the Hay Adams is a luxury hotel located in the District of Columbia. The Hay Adams is a limited liability company organized and existing under the laws of Delaware and does business in the District of Columbia. The Hay Adams is a member of the Hotel Association of Washington, DC ("Association") and is an employer within the meaning of Section 2(2) of the

DC1 30166794.1

National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(2), and Section 301(c) of the LMRA, 29 U.S.C. § 185(c).

3. The Hay Adams is engaged in commerce and its activities affect commerce within the meaning of Section 2(6) and 2(7) of the LMRA, 29 U.S.C. § 152(6) and (7).

4. Defendant Local 25 is an unincorporated association with its principal place of business in the District of Columbia and is a labor organization within the meaning of the NLRA, 29 U.S.C. § 152(5) and Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to Section 301 of the LMRA, 29 U.S.C. § 185 and 28 U.S.C. §§ 1331 and 1337.

6. Venue is proper in this Court pursuant to 29 U.S.C. § 185 because Local 25 maintains an office in the District of Columbia and its officers are engaged in representing employees and acting for its employees and members in the District of Columbia. In addition, the arbitration hearing that resulted in the Award that is the subject of this Complaint occurred in the District of Columbia.

## FACTS

7. For many years, the Hay Adams and other members of the Association have bargained collectively with Local 25 as a multi-employer bargaining unit. The Association has negotiated a series of master collective bargaining agreements with Local 25. At all times relevant hereto, the Hay Adams and Local 25 were, and continue to be, parties to a collective bargaining agreement ("Agreement").

8. Article XVII of the Agreement contains, and contained during the relevant period, the grievance procedure for disputes arising between Local 25, including bargaining unit

members employed at the Hay Adams, and the Hay Adams. The procedure provides that unresolved grievances may be submitted to an impartial arbitrator.

9. The grievance resulting in the Award that is the subject of this Complaint was filed by Local 25 on behalf of Girdharry Merhai ("Merhai") after he was terminated by the Hay Adams on July 28, 2005.

10. Merhai was terminated for conduct that violated a "last chance" settlement agreement ("Settlement Agreement") between the Hay Adams and Local 25. In 2003, the Hay Adams and Local 25 entered into the Settlement Agreement after Merhai had been terminated for a number of incidents which involved Merhai's violation of the Hay Adams' rules and regulations prohibiting false and/or slanderous remarks about managers and fellow employees. The Hay Adams terminated Merhai's employment in 2003 after Merhai was accused of making false, slanderous and insubordinate remarks about the Hay Adams' general manager in public areas of the hotel. Specifically, Merhai accused the Hay Adams' general manager of being a thief, stealing money from the employees, and called for him to be fired. Although Merhai's conduct in 2003 provided the Hay Adams with "just cause" to terminate Merhai's employment under Article XVI of the Agreement, the Hay Adams and Local 25 agreed to give Merhai a "last chance" pursuant to the Settlement Agreement. In the Settlement Agreement, in exchange for the Hay Adams reinstating Merhai to his bellman position at the Hay Adams, Local 25 agreed that if Merhai engaged in any conduct which was "similar in nature" to that which had led to his rescinded termination, Local 25 would have no right to grieve the disciplinary action taken by the Hay Adams.

11. On July 22, 2005, Merhai made false, derogatory, and racially charged statements to another employee of the Hay Adams in the hotel's lobby, and had, just two days previously,

3

on July 20, 2005, made false and negative comments about the Hay Adams' controller in the Hay Adams' employees' cafeteria. Merhai's conduct on July 20, 2005 and July 22, 2005 flagrantly violated several of the Hay Adams' rules and regulations, including Hay Adams Rules and Regulations Number 20 (prohibiting the making or publishing false, malicious, vicious or derogatory statements concerning an employee, supervisor or the Hay Adams…within hearing range of customers), "The Work Environment Is No Place For The Rumor Mill" policy, the Performance Improvement policy, and the Harassment policy. Merhai's July 20, 2005 and July 22, 2005 misconduct was "similar in nature" to what had led to the rescinded termination in July 2003 and constituted a flagrant and material violation of the Settlement Agreement. Accordingly, the Hay Adams terminated Merhai's employment on July 28, 2005.

12. Despite the Settlement Agreement, Local 25 grieved the termination of Merhai's employment pursuant to the Agreement and attempted to show that Merhai did not engage in conduct "similar in nature" to that prohibited by the Settlement agreement.

13. On December 15, 2005 and December 16, 2005, Arbitrator Nicholas H. Zumas conducted an arbitration hearing regarding the termination of Merhai's employment.

14. The arbitrator found that "the [Hay Adams] had presented credible evidence that [Merhai] in fact committed a number of violations of [Hay Adams] work rules, thereby violating the condition of reinstatement under the 2003 [Settlement Agreement]."

15. The arbitrator further found that "[a]fter review of the entire record, and having had an opportunity to weigh and evaluate the testimony and credibility of witnesses, this Arbitrator finds that [Merhai] violated the conditions of the [Settlement Agreement]…"

16. Nevertheless, despite finding that Merhai's misconduct had occurred and that it violated the Settlement Agreement, the arbitrator decided that "the penalty of termination was

inappropriate under the facts and circumstances of this case" and reinstated Merhai subject to certain conditions.

17. Of his own volition, without suggestion from either Local 25 or the Hay Adams, the arbitrator decided that Merhai's conduct was such that he suffered from some type of mental impairment or disease and that he should be allowed to seek treatment rather than being terminated from employment. Further, the arbitrator stated that upon completion of treatment Merhai should be reinstated to employment.

18. The Settlement Agreement was as binding upon the parties as the Agreement itself, and the arbitrator had no authority to dispense with the terms of the Settlement Agreement upon his conclusion that (1) Merhai had engaged in misconduct similar in nature to that which led to his rescinded termination in 2003; and (2) that Merhai's misconduct did, in fact, violate the terms of the Settlement Agreement.

19. Local 25 presently demands that the Hay Adams comply with the terms of the Award.

**FIRST CAUSE OF ACTION**
**(Seeking the Court to Vacate, Set Aside, and Declare Null and Void the Award)**

20. The Hay Adams reincorporates herein paragraphs 1 – 19 of this Complaint.

21. The Settlement Agreement is a modification of the Agreement and is binding on Local 25 and the Hay Adams.

22. The Award, directing the Hay Adams to reinstate Merhai subject to certain conditions, is not enforceable under the LMRA and/or the DC Arbitration Act because it fails to draw its essence from the Settlement Agreement and Agreement between the parties; and the arbitrator has ignored the terms of the Settlement Agreement and Agreement and instead dispensed his own brand of industrial justice.

23. The Award, directing the Hay Adams to reinstate Merhai subject to certain conditions, is not enforceable under the LMRA and/or the DC Arbitration Act because it is in violation of the public policy prohibiting racially offensive and threatening comments and conduct in the workplace.

24. Because the Award does not draw its essence from the Settlement Agreement and Agreement, is the result of the arbitrator's own brand of industrial justice, and is contrary to public policy, the Award should be vacated and set aside.

25. The Hay Adams will be damaged if it is forced to comply with the terms of the Award.

WHEREFORE, the Hay Adams respectfully requests that the Court enter judgment vacating, setting aside, and declaring null and void the award of Arbitrator Zumas of April 28, 2006, along with any other relief the Court deems necessary and proper.

Respectfully submitted,

HAY ADAMS HOTEL, LLC

By: *Jessica R. Hughes*
Jessica R. Hughes, DC Bar No. 468853
Peter Chatilovicz, DC Bar No. 210278
SEYFARTH SHAW LLP
815 Connecticut Avenue, NW #500
Washington, DC 20006-4004
(202) 463-2400

Dated: May 24, 2006