**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|   |   |   |
|---|---|---|
| HAY ADAMS HOTEL, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:06-CV-00968 (EGS) |
| HOTEL & RESTAURANT EMPLOYEES, LOCAL 25, UNITE HERE INTERNATIONAL UNION, | ) ) ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT'S ANSWER AND COUNTERCLAIM TO PLAINTIFF'S
COMPLAINT TO VACATE ARBITRATION AWARD**

Defendant Hotel and Restaurant Employees Union, Local 25, UNITE HERE International Union ("Defendant," "the Union," or "Local 25"), through undersigned counsel, answers Plaintiff's Complaint to Vacate Arbitration Award ("Complaint") as follows:

NATURE OF ACTION

1. This paragraph states Plaintiff's legal theories and conclusions and therefore requires no response. To the extent a response is required, Defendant denies the factual allegations contained in this paragraph.

THE PARTIES

2. Defendant lacks sufficient knowledge to determine the truth of Plaintiff's allegation that the Hay Adams is a limited liability company organized and existing under the

laws of Delaware, and therefore denies those allegations. Defendant admits the remaining allegations contained in this paragraph.

    3.      Admitted.

    4.      Admitted.

## JURISDICTION AND VENUE

    5.      This paragraph states Plaintiff's legal theories and conclusions and therefore requires no response. To the extent a response is required, Defendant admits that federal jurisdiction over Plaintiff's claim is conferred by 28 U.S.C. § 1331, and denies all other factual allegations contained in this paragraph.

    6.      This paragraph contains Plaintiff's legal theories and conclusions and therefore requires no response. To the extent a response is required, Defendant admits that it maintains an office in the District of Columbia and that its officers are engaged in representing and acting for employees located in the District of Columbia, and that the arbitration hearing that resulted in the award disputed by Plaintiff in its Complaint occurred in the District of Columbia. Defendant denies all other factual allegations contained in this paragraph.

## FACTS

    7.      Defendant denies the allegations contained in this paragraph, except that Defendant admits that the Association has negotiated a series of master collective bargaining agreements with the Union, and that at all times relevant hereto, Plaintiff and the Union were, and continue to be, parties to a collective bargaining agreement.

    8.      Admitted.

    9.      Admitted.

10. Defendant admits that, in or around 2003, the parties settled a prior grievance filed by Local 25 challenging the termination of Girdharry Merhai. Defendant denies the remaining factual allegations contained in this paragraph.

11. Defendant admits that, on or around July 28, 2005, Plaintiff terminated Merhai's employment. Defendant denies the remaining factual allegations contained in this paragraph

12. Defendant admits that it filed a grievance challenging Merhai's 2005 termination and admits that, among other bases for the grievance, presented evidence that Merhai did not engage in the conduct cited by Plaintiff in support of his termination. Defendant denies the remaining factual allegations contained in this paragraph.

13. Admitted.

14. The findings of Arbitratro Zumas regarding the grievance are fully set forth in his written award, dated April 13, 2006, which document speaks for itself. To the extent that Plaintiff alleges that the words quoted in this paragraph appear in that award, Defendant admits that allegation. Defendant denies any remaining factual allegations contained in this paragraph.

15. The findings of Arbitratro Zumas regarding the grievance are fully set forth in his written award, dated April 13, 2006, which document speaks for itself. To the extent that Plaintiff alleges that the words quoted in this paragraph appear in that award, Defendant admits that allegation. Defendant denies any remaining factual allegations contained in this paragraph.

16. The findings of Arbitratro Zumas regarding the grievance are fully set forth in his written award, dated April 13, 2006, which document speaks for itself. To the extent that Plaintiff alleges that the words quoted in this paragraph appear in that award, Defendant admits that allegation. Defendant denies any remaining factual allegations contained in this paragraph.

17. The findings of Arbitratro Zumas regarding the grievance are fully set forth in his written award, dated April 13, 2006, which document speaks for itself. Because all of the allegations contained in this paragraph characterize rather than quote Arbitrator Zumas's award, Defendant denies those allegations.

18. Denied.

19. Admitted.

FIRST CAUSE OF ACTION
(Seeking the Court to Vacate, Set Aside, and Declare Null and Void the Award)

20. Defendant incorporates by reference its responses to Paragraphs 1-19 of the Complaint.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

The un-numbered paragraph following paragraph 25 of Plaintiff's Complaint sets forth Plaintiff's legal theories, conclusions, and prayers for relief, and requires no response. To the extent a response is required, Defendant denies all factual allegations contained in this un-numbered paragraph.

Further, to the extent Defendant has not specifically admitted any of the allegations contained in Plaintiff's Complaint, Defendant denies those allegations.

AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state any claim upon which relief may be granted.

- 5 -

# COUNTERCLAIM OF DEFENDANT HOTEL & RESTAURANT EMPLOYEES, LOCAL 25,  UNITE HERE INTERNATIONAL UNION, FOR ENFORCEMENT OF ARBITRATION AWARD

1.      Defendant-Counterclaim Plaintiff Hotel & Restaurant Employees, Local 25, UNITE HERE International Union ("Defendant," "the Union," or "Local 25"), is and has at all relevant times been a "labor organization" within the meaning of 29 U.S.C. §§ 152(5) and 185(a).  Local 25 maintains its principal business office in the District of Columbia, and is and has at all relevant times been engaged in representing employees in the hotel, restaurant and related industries, many of whom are employed within the District of Columbia.

2.      Plaintiff-Counterclaim Defendant Hay Adams LLC ("Plaintiff") is and has at all relevant times been a corporation doing business in the District of Columbia, owning and/or operating the Hay Adams Hotel ("the Hotel"), a business located in the District of Columbia.  Plaintiff is and at all relevant times has been an "employer" within the meaning of 29 U.S.C. §§ 152(2) and 185(c).

3.      Local 25 and Plaintiff are and have been at all relevant times parties to a series of collective bargaining agreements ("CBAs") covering employees represented by Local 25 and employed by the Hotel.  These CBAs are "contracts" within the meaning of 29 U.S.C. § 185(a).

4.      The Court has jurisdiction over the subject-matter of this counterclaim under the Labor Management Relations Act, 29 U.S.C. § 185(a), and under 28 U.S.C. § 1331.

5.      On or about July 28, 2005, Girdharry Merhai ("Merhai"), a bellman who had worked at the Hay Adams Hotel for over twenty-four years, was discharged from his employment.

6. Local 25 timely filed a grievance protesting Merhai's discharge. The parties were unable to resolve the dispute, and the matter was submitted to Arbitrator Nicholas Zumas for decision.

7. Arbitrator Zumas is and has at all relevant times been a professional arbitrator, experienced and well-regarded, and a member of the National Academy of Arbitrators. Arbitrator Zumas has served for many years as a member of the panel of permanent arbitrators appointed jointly by the parties to resolve disputes.

8. A hearing regarding the Merhai grievance was held before Arbitrator Zumas on December 15 and 16, 2005. At this hearing, Local 25 and Plaintiff had an opportunity to present, and did present, testimony and exhibits in support of their respective positions; and to examine and cross-examine witnesses. Arbitrator Zumas received post-hearing briefs from the parties on or about March 10, 2006.

9. The arbitration proceedings held before Arbitrator Zumas were fair and regular in all respects, and were conducted in compliance with the parties' CBA.

10. On or about April 13, 2006, Arbitrator Zumas issued his opinion and award regarding the grievance, a copy of which is appended hereto as Exhibit 1. In that award, Arbitrator Zumas ordered the Hotel to reinstate Merhai subject to certain conditions.

11. Beginning on or about April 13, 2006, and continuing thereafter, the Union has demanded that Plaintiff comply with the Arbitrator's award. Plaintiff refuses to do so.

12. Plaintiff's refusal to comply with the Arbitrator's award violates the CBA.

13. Arbitrator Zumas's April 13, 2006 award draws its essence from the parties' agreement and is neither the product of corruption nor against any specific, dominant public policy, and should therefore be enforced.

WHEREFORE, the Union respectfully requests that the Court enter judgment enforcing Arbitrator Zumas's April 13, 2006 award and restraining and enjoining Plaintiff from violating the CBA; and that the Court direct Plaintiff to comply with that award in all respects, including but not limited to reinstating Merhai to his former position with full seniority pursuant to the award, paying him any monies and interest to which he is entitled under the award, awarding Local 25 its attorney's fees and costs incurred in this action, and granting any other relief the Court deems appropriate.

                    Respectfully submitted,

                    /s/ Devki K. Virk
                    Devki K. Virk (D.C Bar No. 459418)
                    BREDHOFF & KAISER, P.L.L.C.
                    805 Fifteenth Street, N.W., Suite 1000
                    Washington, D.C.  20005
                    (202) 842-2600 (Telephone)
                    (202) 842-1888 (Facsimile)
                    E-mail:  dvirk@bredhoff.com

                    *Counsel for Defendant Hotel & Restaurant Employees Union, Local 25, UNITE HERE International Union*

Dated: July 24, 2006

## **PROOF OF SERVICE**

      I hereby certify that the foregoing document, DEFENDANT'S ANSWER AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT TO VACATE ARBITRATION AWARD, was filed on July 24, 2006, using the Court's CM/ECF system, under which counsel for Plaintiff are automatically notified as follows:

Peter Chatilovicz  
Jessica R. Hughes  
SEYFARTH SHAW LLP  
815 Connecticut Avenue, N.W. – Suite 500  
Washington, D.C.  20006-4004  
(202) 463-2400 (Telephone)  
(202) 828-5393 (Facsimile)  
pchatilovicz@seyfarth.com  
jhughes@seyfarth.com  

                                            /s/ Devki K. Virk_____  
                                            Devki K. Virk