IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HAY ADAMS HOTEL, LLC,                          )
                                               )
    Plaintiff/Counterclaim Defendant,        )
                                               )
v.                                             )   Case No.: 1:06 CV 00968 (EGS)
                                               )
HOTEL & RESTAURANT EMPLOYEES,                  )
LOCAL 25, UNITE HERE INT'L UNION,              )
                                               )
    Defendant/Counterclaim Plaintiff.        )
_____)

**PLAINTIFF HAY ADAMS HOTEL, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Plaintiff/Counterclaim Defendant Hay Adams Hotel, LLC ("the Hotel"), by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1, hereby submits its memorandum of points and authorities in support of its motion for summary judgment.

INTRODUCTION

The Hotel, one of Washington, DC's five-star luxury hotels, has been a member of the Hotel Association of Washington, DC ("HAWDC") for a number of years. (Plaintiff's Statement of Materials Facts As To Which There Is No Genuine Issue ("SOMF") ¶ 1).[1] The HAWDC has long been a party to a series of collective bargaining agreements with the Restaurant Employees Local 25, UNITE-HERE International Union ("the Union") which govern the terms and conditions of certain employees working at HAWDC member hotels. (SOMF ¶ 2, Award at 2). As with prior collective bargaining agreements, included in the most recent collective bargaining agreement between the HAWDC and the Union (hereinafter "the

---

[1] Per Local Rule 56.1, the Hotel has submitted a separate SOMF. The arbitration award at issue ("the Award") is Exhibit 1 to the SOMF.

Contract") was a grievance and arbitration provision for dispute resolution in the event that the parties had a disagreement under the Contract. (SOMF ¶ 3, Award at 2).

Girdharry Merhai ("Merhai") worked as a bellman for the Hotel and was covered by the Contract. (SOMF ¶ 4). In 2003, the Hotel terminated Merhai's employment because he violated a number of the Hotel's work rules about appropriate conduct in the workplace, including making accusations that the Hotel's General Manager stole money from employees, was a thief, and should be fired. (SOMF ¶ 5, Award at 5). However, based on the Union's intervention, Merhai was reinstated after the Union agreed to what is called a "last chance agreement" ("LCA") in December 2003. (SOMF ¶ 6, Award at 5) According to the LCA, which superseded the Contract, if Merhai engaged in conduct similar to that which led to his initial termination of employment, the Union waived any right to grieve Merhai's termination. (SOMF ¶ 6, Award at 5). In other words, in return for reinstating Merhai in 2003, the Union was waiving the right to challenge the Hotel's discipline of Merhai for future, similar misconduct. (SOMF ¶ 6, Award at 5).

In July 2004, Merhai again engaged in misconduct that violated the Hotel's work rules relating to appropriate conduct in the workplace. (SOMF ¶¶ 7-8, Award at 3-5). This time, unprovoked, he called members of the Hotel's management racists and accused the Hotel's controller of harassing him about his workers' compensation absences. (SOMF ¶¶ 7-8, Award at 3-5). Unsurprisingly, the Hotel terminated Merhai's employment for his egregious violation of its work rules and the LCA. (SOMF ¶ 9, Award at 6).

Despite the clear terms of the LCA, the Union grieved Merhai's termination of employment up through arbitration. (SOMF ¶ 10, Award at 6). Before Arbitrator Zumas, the parties conducted a two-day hearing and then submitted lengthy post-hearing briefs. (SOMF ¶

2

11, Award at 2). The Union contended that Merhai had not engaged in the misconduct of which he had been accused. (SOMF ¶ 10, Award at 6-7). The Hotel's position was that the misconduct had occurred, the LCA controlled, and there was nothing for the union to grieve. (SOMF ¶ 11, Award at 13).

In the Award, the arbitrator first found "that [Merhai] violated the conditions of his LCA. (SOMF ¶ 11, Award at 13). However, he subsequently found "that the penalty of termination was inappropriate under all of the facts and circumstances of this case." (SOMF ¶ 11, Award at 13). However, once the arbitrator found that Merhai violated the terms of the LCA, his authority ceased, and he had no choice but to allow the termination of employment to stand, pursuant to the agreement of the parties. Accordingly, the Award exceeded the limits of the arbitrator's authority and did not draw its essence from the agreement between the parties. Thus, the award is not legally enforceable and should be vacated by the Court.

## THE SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when there is no disputed issue of material fact and one party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56. Summary judgment is appropriate where, as here, the evidence which can be offered in opposition to the motion would not support a verdict by a reasonable jury in favor of the opponent. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The summary judgment proceeding is designed to "isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). This case is particularly ripe for summary disposition as neither party disputes the Award, only the legal conclusions to be drawn therefrom.

## ARGUMENT

To be valid, the Award must draw its essence from the agreement between the parties. *See Madison Hotel v. Hotel and Restaurant Employees, Local 25, AFL-CIO*, 144 F.3d 855, 858

3

(D.C. Cir. 1998).[2] When an arbitration award departs from the agreement of the parties, the arbitrator has exceeded his authority, "dispensed his own brand of industrial justice," and the award cannot be enforced. *United Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 596 (1960). In this case, the Award must follow from the LCA entered into between the Hotel and Union regarding Merhai's reinstatement in December 2003. *See Int'l Union of Operating Engineers, Local 351 v. Cooper Natural Resources, Inc.*, 163 F.3d 916, 919 (5th Cir. 1999) ("LCA must be thought of as a supplement to the CBA and is just as binding on the arbitrator") (hereinafter "*Cooper Natural Resources, Inc.*") Once the arbitrator determined that Merhai had violated the terms of the controlling LCA, he had no option but to uphold Merhai's termination of employment. Thus, the arbitrator's decision to reinstate Merhai is an invalid exercise of the arbitrator's authority and is not enforceable.

I.   THE ARBITRATOR WAS OBLIGATED TO ABIDE BY THE TERMS OF THE LCA.

When parties enter into a LCA, it supersedes the Contract to the extent that it makes "just cause" under the terms of the collective bargaining agreement "irrelevant." *Coca-Cola Bottling Co. of St. Louis v. Teamsters Local Union No. 688, affiliated with Int'l B'hood of Teamsters, Chauffeurs, Warehousemen & Helpers of America, AFL-CIO*, 959 F.2d 1438, 1440 (8th Cir. 1992) (hereinafter "*Coca-Cola Bottling Co.*"); *see also Cooper Natural Resources, Inc.*, 163 F.3d at 919 (5th Cir. 1999). In fact, at the arbitration, Arbitrator Zumas acknowledged that "just cause" had no role when there was a LCA at issue:

> In the last clear chance situation the only thing that the employer has to do is establish a prima facie case of a commitment of an offense that was similar to the offenses for which he was terminated and subsequently out in the Last Chance

---

[2] While the Hotel acknowledges the great deference normally afforded arbitration awards, *see generally Madison Hotel*, 144 F.3d at 858-859 (citing *United Steelworkers of America v. American Mfg. Co.*, 363 U.S. 564, 568 (1960)), this case is the exception that proves there are times when judicial oversight – and vacation – of improper arbitration awards is just and proper.

4

> Agreement. The employer does not have an obligation to establish just cause under the circumstances."

Transcript at 168, lines 14-21.[3] Unfortunately, however, Arbitrator Zumas disregarded his own explanation of the relevance of the LCA to his decision when rendering his award. As the Eighth Circuit explained in *Coca-Cola Bottling Co.* and as Arbitrator Zumas appeared to understand at the hearing, in the LCA situation, once the arbitrator determines that the infraction prohibited by the LCA has occurred, he is bound by the "exclusive remedy" of the LCA. *Coca-Cola Bottling Co.* at 1441. In Merhai's case, that was the Union's waiver of right to grieve the termination of his employment.

    A.    <u>The Arbitrator Is Not Permitted To Substitute His Own Remedy For That Called For In The LCA.</u>

*Coca-Cola Bottling Co.*, in which the Eighth Circuit held "that the arbitrator went outside the last chance agreement by rejecting the bargained-for-remedy, notwithstanding his determination that a category A rules violation, a triggering event, had occurred," is particularly instructive to the instant case. 959 F.2d at 1441. In *Coca-Cola Bottling Co.*, the employee had entered into a last chance agreement that called for termination in the event of a subsequent violation of the "category A rules." *Id.* at 1339. The union grieved the employee's discharge and "[a]lthough he found that [the employee] had violated the rules, the arbitrator nevertheless reversed the discharge in contravention of the plain language of the last chance agreement" based on his view that proportionality was lacking. *Id.* at 1441-1442.

Finding that the language of the last chance agreement was "unambiguous," the Eighth Circuit held that the arbitrator lacked the authority to alter the last chance agreement in a way contrary to its plain meaning. *Id.* at 1442 (internal citations omitted). Under those

---

[3] Relevant excerpts of the Transcript are attached to the SOMF as Exhibit 2.

circumstances, the District Court vacated the arbitration award and the Eighth Circuit affirmed. *Id.* at 1440.

B.  The Instant Award Is Contrary To The Unambiguous Language In The LCA.

Like the arbitrator in *Coca-Cola Bottling Co.*, the arbitrator here found that Merhai "violated the conditions of his LCA" (Award at 13). More specifically, he found that

> [the Hotel] presented credible evidence that [Merhai] committed a number of violations of [the Hotel's] work rules, thereby violating the terms for his reinstatement under the 2003 LCA. Among other things, [Merhai] accused [the Hotel's General Manager, Operations Manager, and Management Trainee] of being racially prejudiced, for reasons he could not articulate in his testimony. He also falsely accused [the Controller] of calling him at home to harass him during a period of time when he was off work because of a work-related injury.

Award at 13. Once the arbitrator determined the fact that the misconduct had occurred, the LCA required that the Union waive any right to grieve Merhai's termination of employment. *See* Award at 5. In other words, the Union had only the right to challenge whether the misconduct had actually occurred, not whether the Hotel had just cause to terminate Merhai's employment. *See* Award at 5; *see also* Transcript at 168. However, again like the arbitrator in *Coca-Cola Bottling Co.*, Arbitrator Zumas went on to ignore the requirements of the LCA. The arbitrator tried to alter the plain terms of the LCA by determining that the "possibility of an underlying psychological problem was evidently not contemplated by the parties when the LCA was negotiated in 2003" (Award at 14) and choosing to disregard the parties' bargained-for remedy: the right to grieve Merhai's discharge.

Whether the parties had contemplated Merhai's mental health is not at all relevant; the Union and the Hotel entered into a LCA that provided for termination of employment if Merhai

6

committed a similar infraction, regardless of his motivation or intent.[4] *See Cooper Natural Resources, Inc.*, 163 F.3d at 919 (arbitrator ignoring terms of LCA is owed no deference and "seemingly harsh rule" is necessary to protect formal contractual settlements). The arbitrator had no authority to impose a different remedy upon his finding that Merhai's misconduct occurred. "The arbitrator's disregard of the language of the last chance agreement concerning the consequences [to the employee] of a finding that he had committed a category A rules violation *requires* the reversal of his award." *Coca-Cola Bottling Co.* at 1442 (emphasis added). Similarly, where the Award has utterly disregarded the LCA, despite a finding that the misconduct happened, *requires* that the Court reverse the Award.

    C.    <u>The Arbitrator Cannot Substitute His Own Judgment For That Of The Parties.</u>

Further, by his own admission, the arbitrator based his decision on something "not contemplated" by the parties, which means that neither party was getting for what it had bargained. (Award at 14). Where an arbitrator departs from the parties' own agreement to fashion his own remedy, the arbitrator has exceeded his authority. *See S.D. Warren Co. v. United Paperworkers' Int'l Union*, 845 F.2d 3, 8 (1st Cir.), *cert. denied*, 488 U.S. 992 (1988). In this circumstance, where the Award is admittedly the original and independent view of the arbitrator rather than a product of the parties' LCA, it cannot be enforced. "When the arbitrator's words manifest an infidelity to this obligation [to the collective bargaining agreement], courts have no choice but to refuse enforcement of the award." *Coca-Cola Bottling Co.*, 959 F.2d at 1440 (citing *Enterprise Wheel*, 363 U.S. at 597).

---

[4] Indeed, the Hotel's Operations Manager testified that it never occurred to her to question whether Merhai suffered from any mental illness, nor did it matter with respect to his misconduct. *See* Transcript at 188.

II.   THE ARBITRATOR WAS NOT FREE TO DISPENSE HIS OWN BRAND OF INDUSTRIAL JUSTICE.

As the Supreme Court made clear over forty-five years ago, while arbitration awards are generally entitled to deference, arbitrators are not free to dispense their own brand of industrial justice. *See Enterprise Wheel & Car Corp.*, 363 U.S. at 596. When arbitrators disregard the controlling language of a collective bargaining agreement or LCA, their award "is owed no deference and must be closely scrutinized." *Cooper Natural Resources, Inc.*, 163 F.3d at 916. In *Cooper Natural Resources, Inc.*, the arbitrator overturned the employee's discharge for violating the company's drug policy while he was under a LCA for a prior violation of the drug policy. *Id.* at 918. At the arbitration, the union admitted that the employee had taken barbiturates and tested positive on the drug screen. *Id.* However, because the drug policy was not attached to the evidence introduced at the hearing, the arbitrator held that the company failed to show the employee had proper notice of the drug testing policy and overturned the discharge. *Id.* Both the District Court and the Fifth Circuit found that the arbitrator's blatant disregard of the parties' LCA – that the employee was to be discharged for further violations of the drug policy – was an impermissible substitution of his own judgment rather than an interpretation of the controlling agreement. *Id.* at 919.

    A.    Under The LCA, The Arbitrator Had No Authority To Determine The Agreed-Upon Penalty To Be Too Harsh.

Like *Cooper Natural Resources, Inc.*, the arbitrator here wrongly applied his own "brand of industrial justice" in deciding that the parties' agreed upon penalty was too harsh under the circumstances. *Enterprise Wheel & Car Corp.*, 363 U.S. at 596. The Circuit Courts have made it clear that if the parties have entered into a LCA, it is not the province of the arbitrator to disturb such an arrangement, even if it produces "harsh" results. *Cooper Natural Resources, Inc.*, 163 F.3d at 918; *see also Ohio Edison Co. v. Ohio Edison Joint Council, Local 457, Utility*

8

*Workers Union of America*, 947 F.2d 786, 787 (6th Cir. 1991) (where arbitrator "disregarded the agreement because he viewed the discharge as 'unreasonably harsh,'" he exceeded his authority); *Coca-Cola Bottling Co.*, 959 F.2d at 1441; and *Tootsie Roll Industries, Inc. v. Local Union No. 1, Bakery, Confectionery and Tobacco Workers' Int'l Union*, 832 F.2d 81, 83 (7th Cir. 1987) (arbitrator not free to consider more lenient absentee policy when parties' LCA made it clear discharge would result from any absence during the probation period). The arbitrator took it upon himself to diagnose Merhai with a mental impairment and to deem the LCA too harsh. Not even the Union advanced the mental illness theory at the arbitration. (Rather, the Union argued that the Hotel had not proved the misconduct occurred.) The arbitrator found that Merhai had violated the LCA and then chose not to implement it. The Award's extra-contractual maverick approach is not permitted under *Steelworkers*, nor by the Circuit Courts who have examined the duty of the arbitrator to follow LCAs, and should not be validated by enforcement by this Court.

      B.    <u>The Award Exceeds The Authority Of The Arbitrator.</u>

To preserve the integrity of arbitration awards generally, the Court must not let this one stand when it so clearly "exceeds the confines of interpreting and applying the contract." *Tootsie Roll Industries, Inc.*, 832 F.2d at 82. In this case, there is no explanation other than the arbitrator deciding to rewrite the parties' agreement to suit his own ends. He concluded that the misconduct occurred but refused to enforce the penalty called for in the LCA. The Award's blatant disregard of the parties' agreement, his duties as an arbitrator, and the law cannot be allowed to stand, and the Court should vacate the Award.

## CONCLUSION

For all the foregoing reasons, the Court should vacate the Award to the extent that it calls for the reinstatement of Merhai under any conditions and award any other relief it deems just and proper.

          Respectfully submitted,

          HAY ADAMS HOTEL LLC

          By: _____/s/_____
              Jessica R. Hughes, Bar No. 478853
              Peter Chatilovicz, Bar No. 210278
              SEYFARTH SHAW LLP
              815 Connecticut Avenue, NW #500
              Washington, DC  20006-4004
              (202) 463-2400

Dated:  October 16, 2006          Attorneys for Plaintiff/Counterclaim Defendant