## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

HAY ADAMS HOTEL, LLC,            )
            )
    Plaintiff/Counterclaim Defendant,    )
            )
    v.            )      Case No.:  1:06 CV 00968 (EGS)
            )
HOTEL & RESTAURANT EMPLOYEES,    )
LOCAL 25, UNITE HERE INT'L UNION,    )
            )
    Defendant/Counterclaim Plaintiff.    )
            )

## PLAINTIFF HAY ADAMS HOTEL, LLC'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE DISPUTE

Plaintiff/Counterclaim Defendant Hay Adams Hotel, LLC ("the Hotel"), by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1, hereby submits the following material facts as to which there is no genuine dispute in support of the Hotel's motion for summary judgment on its complaint to vacate an arbitration award.

1.     The Hotel is a luxury hotel and a long-time member of the Hotel Association of Washington, DC ("HAWDC"). *See* Arbitration Award ("Award") at 2, 3.[1]

2.     The HAWDC has entered into a series of collective bargaining agreements ("CBA") with the Hotel and Restaurant Employees, Local 25, UNITE-HERE International Union ("the Union"). *See* Award at 2. As a member of the HAWDC, the Hotel is bound to the CBA between the HAWDC and the Union. *See* Award at 2.

3.     The CBA between the HAWDC and the Union includes a provision for the arbitration of grievances arising under the CBA. *See* Award at 2.

---

[1] A copy of the arbitration award is attached hereto as Exhibit 1 and references are to its page numbers.

4.    In 2003, Girdharry Merhai ("Merhai") was employed as a bellman at the Hotel and was covered by the CBA between the HAWDC and the Union. *See* Award at 3.

5.    In 2003, Merhai violated several of the Hotel's work rules about making false and slanderous remarks, including the "Workplace is No Place for the Rumor Mill," the Performance Improvement Policy, and the Harassment Policy. *See* Award at 5. Specifically, Merhai falsely accused the Hotel's General Manager of stealing employees' money, being a thief, and called for him to be fired. *See* Award at 5.

6.    As a result of Merhai's misconduct, the Hotel terminated his employment in 2003. *See* Award at 5. The Union negotiated Merhai's reinstatement and agreed to what is called a "last chance agreement" ("LCA") in December 2003. The LCA provided the following:

> Should the Grievant engage in behavior in the future that is similar in nature to that which gave rise to the instant grievance – including violating the Company's "The Work Place Environment is No Place for the Rumor Mill" policy, its Performance Improvement Policy and its Harassment Policy – and as a result is terminated from employment, the Union agrees that it shall waive its right to grieve such future incident. This Agreement, shall not, however, preclude the Union from carrying out its due diligence in investigating the factual claim of wrongdoing.

Award at 5.

7.    On July 20, 2004, Merhai engaged in a loud conversation in the employee cafeteria in which he falsely accused the Hotel's Controller of calling him at home to harass him about his workers' compensation absences. *See* Award at 5.

8.    On July 22, 2004, Merhai, unprovoked, in a public area of the Hotel, made comments to a Management Trainee that the Management Trainee, General Manager, and Operations Manager were racists and that they thought Merhai was inferior for not being white. *See* Award 4.

2

9.      After investigating the July 20 and July 22 incidents, the Hotel terminated Merhai's employment for his violation of the Hotel's work rules and his LCA. *See* Award at 6.

10.     Despite the LCA, the Union grieved Merhai's termination of employment. *See* Award at 6. The Union contended that the Hotel failed to meet its burden that the alleged misconduct had occurred. *See* Award at 6-7.

11.     In his award, Arbitrator Zumas disagreed with the Union as to whether any alleged misconduct occurred and concluded that Merhai "violated the conditions of his LCA." Award at 13. During the arbitration hearing, Arbitrator Zumas stated, "[i]n the last clear chance situation the only thing that the employer has to do is establish a prima facie case of a commitment of an offense that was similar to the offenses for which he was discharged and subsequently out in the Last Chance Agreement. The employer does not have an obligation to establish just cause under the circumstances." Transcript of Arbitration Hearing, at 168, lines 14-21 (hereinafter "Transcript").[2]

12.     Arbitrator Zumas further held that the Hotel "presented credible evidence that [Merhai] in fact committed a number of violations of Company work rules, thereby violating the conditions for his reinstatement under the 2003 LCA." Award at 13. The Award found that, "[a]mong other things, [Merhai] accused [the General Manager, the Operations Manager, and the Management Trainee] of being racially prejudiced….He also falsely accused [the Controller] of calling him at home to harass him during a period of time when he was off work because of a work-related injury." Award at 13; *see also* Award at 3-6.

13.     After finding that Merhai had violated the LCA, Arbitrator Zumas went on to conclude that Merhai "is a troubled employee who clearly displays symptoms of a psychological

---

[2] Copies of relevant portions of the transcript of the arbitration hearing are attached hereto as Exhibit 2.

imbalance." Award at 13. The Award recognized that "the possibility of an underlying psychological problem as a cause of Merhai's suddenly bizarre behavior was evidently not contemplated by the parties when the 2003 LCA was negotiated." Award at 14. In fact, the Hotel's Operations Manager specifically disagreed with Arbitrator Zumas that Merhai had an apparent psychological condition. *See* Transcript, 188, lines 10-13, 189, lines 13-25.

14.    Rather than upholding the termination of Merhai's employment despite having violated the LCA, the Award reinstated Merhai subject to requirements that he undergo counseling and evaluation. *See* Award at 14-15.

Respectfully submitted,

HAY ADAMS HOTEL LLC

By:_____/s/_____
    Jessica R. Hughes, Bar No. 478853
    Peter Chatilovicz, Bar No. 210278
    SEYFARTH SHAW LLP
    815 Connecticut Avenue, NW #500
    Washington, DC  20006-4004
    (202) 463-2400

Dated:  October 16, 2006        Attorneys for Plaintiff/Counterclaim Defendant

DC1 30174391.1