# Virk Declaration Exhibit 1

# AGREEMENT

This Agreement, made and entered into as of the 15th day of January, 2005, by and between _____ owners and operators of _____ hereinafter referred to as the ("Employer") and the Hotel and Restaurant Employees Local 25 of Washington, D. C. of the UNITE HERE International Union, AFL-CIO, acting as bargaining representative for the employees in the unit herein defined, and hereinafter referred to as the ("Union").

## WITNESSETH:

That for the purpose of mutual understanding, and in order that a harmonious relationship may exist between the Employer and the employees in the unit herein defined, and to the end that continuous and efficient service may be rendered by both parties, and for the mutual benefit of both, it is hereby agreed that:

## ARTICLE I
## Union Representation and Membership

**1.1 Scope of Unit:**  The Employer recognizes the Union as the exclusive representative for the purpose of collective bargaining with respect to rates of pay, hours, and other conditions of employment for all of its employees, with the exception of managerial and supervisory employees, office employees, musicians, engineers, firemen, carpenters, painters, barbers, and upholsterers.

**1.2 Gender:**  Whenever in this Agreement the masculine gender is used it shall be deemed to include the feminine gender.

**1.3 Union Security:**  All present employees within the bargaining unit who have completed thirty (30) days employment with the Employer, and all new employees within the bargaining unit upon completion of thirty (30) days following the beginning of their employment with the Employer, shall become and remain members of the Union in good standing and shall remain members in good standing as a continuing condition of employment. An employee shall be considered to be in good standing within the provisions of this section if he or she tenders the periodic dues and the initiation fees uniformly required as a condition of acquiring and retaining membership in the Union. The Employer will notify each new employee in writing of the existence of this contract and the requirement that all new employees within the bargaining unit must, upon completion of thirty (30) days following the beginning of their employment with the Employer, become members of the Union in good standing. The Employer further agrees to discharge any employee who fails to comply with this Union's security provision within seven (7) days of receipt of a written request to that effect from the Union.

**1.4 Union Notification (New Hires):**
(a) The Employer shall notify the Union by electronic format compatible with the Union's information systems, within seven (7) days, in writing, of the name, address telephone number, social security number, and classification of new or additional employees hired into the bargaining unit.
(b) Electronic Transfer of Information:  The Employer agrees that with respect to new hire information in Section 1.4, Union dues and Credit Union deductions in Section 1.6, time and payroll information in Section 2.4(c), information relating to extra room(s) sold in Section 10.3, cot placement pay records in Section 10.4, sick leave balances in Section 14.3, and gratuity records in Section B.25, the Employer, upon request by the Union, will transmit such information to the Union within a reasonable time (unless this Agreement sets a specific time), and in an electronic format which is compatible with the Union's information systems (e.g., Microsoft Excel) except where such information is not reasonably available in an electronic format or where


EXHIBIT JX#1

**16.2 Discharge of Leadership Committee Member:** In the event the Employer desires to discharge a Leadership Committee member, it shall notify the Union in writing of such intent at least five (5) days prior to the effective date of the discharge, except that such notification shall not be required unless, prior to the discharge, the Union has notified the Employer, in writing, of the designation of the individual as a Leadership Committee member.

**16.3 Misconduct Notice:** All misconduct notices for employees will expire eighteen (18) months after their date of issuance and will at that time be removed from the employee's personnel file, and may not be used in any proceedings. Past practice regarding use of expired disciplinary notices shall apply.

**16.4 Bonding Requirements:** The Employer shall have the right to require a bond for employees who handle a cash bank of $200.00 or more. This provision shall apply only to employees hereafter hired; provided, however, that in the event any present employee shall be transferred to a bondable position, the above right of the Employer shall apply. If for any reason a bonding or surety company refuses to bond any such employee, the Employer shall have the right to discharge such employee without prejudice or penalty to the Employer, except that in the case of a transferred employee, such employee shall have the right to return to his previous position.

**16.5 Polygraph Test:** Employees will not be discharged or otherwise disciplined for their refusal to take a polygraph test.

## ARTICLE XVII
## Grievance and Arbitration Procedure

**17.1 Grievance Procedure:** In the event a grievance or misunderstanding arises out of and during the term of this Agreement, such disputes shall be processed as prescribed below. It is agreed that any differences arising incident to negotiation of terms of a new Agreement are not subject to this section, the sole purpose of which is to make subject to arbitration grievances arising out of and during the term of this Agreement.

**17.2** A grievance shall be presented in writing within thirty (30) days from the date of the incident or occurrence giving rise to the grievance. The written grievance shall be signed and dated, and shall contain a statement of facts describing the grievance, including the contract provision(s) at issue, the names of affected employees (or a description of such employees in the case of a class action), and the resolution requested by the grieving party. It is understood that the Union shall not be precluded from introducing additional information as it is developed during the Union's subsequent investigation. In discharge cases, failure to file a grievance within thirty (30) days of receipt of notice of discharge by the Union shall result in a waiver of the grievance and all rights under this Grievance and Arbitration procedure.

In all other cases, failure to file a grievance within ninety (90) days from the date the incident or occurrence was known by the Union shall result in a waiver of the grievance and all rights under this Grievance and Arbitration procedure.

> **Step 1.**
> Upon the filing of a written grievance as set forth above, a meeting shall be held between the Employer and the Union no later than ten (10) working days after the filing of the grievance to discuss the issue(s) raised in the grievance and any relevant facts. The Employer shall designate at least one manager (i.e., supervisor, department head, human resources director, etc.) who shall serve as the Employer's representative at this Step 1 meeting and shall have the authority to resolve the grievance, and the Employer shall also make available for this meeting the manager who is most familiar with the relevant facts

surrounding the grievance.  At the Union's request, and upon reasonable notice, the Employer shall make available any other manager who has personal knowledge of such relevant facts.  The Union shall be represented by a representative from Local 25, a Leadership Committee member, or both, and the Union's Executive Secretary-Treasurer shall also have the right to attend at his/her discretion.  The employee or employees involved in the grievance may also attend. If a grievance involves a group of employees, up to four employees may attend.  The parties may mutually agree to additional Employer, Union and employee representatives.  Prior to a Step 1 meeting, the parties will disclose the names of all participants who will attend the Step 1 meeting.

At this meeting, the parties may agree on a resolution of the grievance, or the grievance may be denied.  If the grievance is denied, the Employer shall submit to the Union a written response to the grievance within ten (10) working days following the Step 1 meeting.  This written response shall be signed and dated and shall set forth the reasons for the denial of the grievance (including a statement of facts, contract provision(s), and any other information relevant to the Employer's denial of the grievance).  If the Employer does not provide a written response within ten (10) working days of the Step 1 meeting, the grievance shall be upheld and the relief requested shall be granted; provided that the relief requested is not unreasonably excessive or inconsistent with controlling legal authority.

**Step 2.**
If the grievance is not resolved at the Step 1 meeting, and the Union wishes to proceed with the grievance, the Union shall, within ten (10) working days after receipt of the Employer's Step 1 response, advance the case to mediation.  Mediation shall be conducted by a mediator mutually agreed upon by the HAWDC and the Union.  Mediation sessions shall be held at least once every two weeks, and at such other times as mutually agreed-upon.  To advance the case to mediation, the Union shall submit to the Mediator the grievance papers (i.e., copies of the grievance and the Employer's response), together with a copy of any information provided to the Union by the Employer, and shall specify the date of the mediation.  The Union shall provide the Employer with written notification of its submission to the Mediator and the date of the mediation.  Grievances not timely advanced to mediation shall result in a waiver of the grievance and all further rights under this Grievance and Arbitration procedure.

**Step 3.**
Grievances not resolved at Step 1 or Step 2 may proceed to arbitration pursuant to Section 17.3.  Arbitration shall be requested in writing within fifteen (15) working days following the mediation, or the grievance shall be considered waived.

**17.3 Selection of Arbitrators:** A permanent panel of five (5) arbitrators agreed upon by the parties shall arbitrate all cases on a rotating basis during the life of this Agreement.  The parties agree to the following as the panel of arbitrators to hear cases in rotation (subject to availability):  Roger Kaplan, Joseph Sharnoff, Nicholas Zumas, _____, and Richard Bloch (contract cases only).  The parties may by mutual agreement make changes to this panel.  Vacancies in the panel by reason of preemptory deletion, death, resignation or other inability to serve, shall be promptly filled by the parties by mutual agreement.

**17.4 Arbitration Hearings:**
(a) Grievances not resolved in either Step 1 or Step 2 shall be scheduled for arbitration on the next scheduled date in the month following the date of the Step 3 written request for arbitration (e.g., if the Step 3 request is made in September, the grievance shall be heard on the next available arbitration date in October). The parties agree that the third and fourth Thursday of each month shall be reserved for arbitration hearings.